May it please the court, good morning. At its core, the government's argument really is in this case that a defendant who receives inadequate, constitutionally inadequate representation is ordered to pay more than $2 million in restitution than he should. Is that a lot? That's absolutely no remedy. That's the government's argument when you cut it to the core. The district court never reached the issue of ineffective assistance of counsel because it determined that it didn't have jurisdiction to revisit the restitution issue. But I think it's important to touch on a couple of things regarding the ineffective assistance of counsel. First, the government says in its brief that defense counsel objected to restitution at the sentencing hearing. That's absolutely incorrect. Defense counsel didn't object once to restitution. The first time the word restitution appears in the sentencing hearing is when Judge Solis imposed the restitution. Defense counsel objected to loss, but loss is very different than restitution. So the government's saying that defense counsel objected to restitution. That's absolutely incorrect. Second, the government seems to take the position in its brief that defense counsel fulfills its obligation when he said to Mr. Lockhart, I don't do appeals. That's all he has to do constitutionally according to the government. Well, that's not the law. It's not the law in the United States Supreme Court. It's not the law in the Fifth Circuit. It was obvious that Mr. Lockhart wanted to appeal, and defense counsel offered absolutely no assistance in that regard. So as I said, the district court never reached the ineffective assistance issue, but it's out there, and the government talks about it in its brief, so I thought it was important to note those few things. So then we turn to what the district court actually did decide, and it decided that it believed, based on this court's precedent, that it did not have jurisdiction to order restitution. And for that, and the district court and the government itself relies on the unpublished case of Campbell that it cites in its brief, the district court cited it, and Hatton, Campbell citing Hatton. Two things about, well, one thing about both of those cases, those cases were coronovus cases where the defendant was still in custody, and it this court said, well, coronovus can't be used to revisit the restitution issue because the defendant's in custody. And that's always been, or at least for decades, been the law regarding coronovus, that it can't be used for defendant in custody. But can coronovus be separated into restitution and conviction components, or does the restitution rise and fall with succeeding on coronovus on the conviction part? I'm not sure I understand your question. Maybe I didn't ask that. Is coronovus restricted only to challenging the conviction itself, as opposed to the components or a follow-on, which is what restitution is? Right, and I understand. And under this, that brings us into Castro, this court's decision in Castro, and I'm going to mangle the name, but Esquibe, where the issue was ineffective assistance of counsel for not asking for a judicial recommendation against deportation. But, I mean, we're talking about restitution here, which has some specific precedent to it. It's got to be challenged on direct appeal normally, right? Normally, but for the ineffective assistance of counsel. Well, but for ineffective assistance. But, I mean, in other words, back to the question of the scope of coronovus, can it apply to a component or a follow-on of a conviction irrespective of the conviction itself? Well, so there is the Seventh Circuit cases, which don't have anything to do with ineffective assistance of counsel, which says you can challenge the restitution in coronovus. But we don't even need to get here, because in this case, it is under the gateway of ineffective assistance of counsel. There has to be some remedy. Well, there is a remedy. Ineffective assistance of counsel usually comes up in habeas. So why shouldn't that have been raised here and then? Because of this court's precedent, first in Hatton, which is cited in all the briefs, where it can't be raised in a habeas because it doesn't go to the custody component of the sentencing. Hatton, and the case not cited in our brief, but along with Hatton, is Walker. And Walker says you can't raise ineffective assistance with relation to restitution in a 2255 because it doesn't go to the component of custody. And that's what 2255 is about, the custody component. And restitution doesn't do that. So this idea in the government's brief, the government knows it because the case law is clear, that it couldn't have been raised in the 2255, the ineffective assistance with regard to restitution, because the 2255 is related to the custody component. Restitution doesn't relate to custody. So this is the only remedy the missile law court had based on the ineffective assistance of counsel. And has counsel not been ineffective, he could have raised it on direct appeal. But if counsel wasn't effective, and that's why I sort of said with just sort of the overview, even though the district court didn't read it as to why he wasn't effective, and it couldn't have been raised in the 2255 because it didn't go to the custody component. So he waited six years following the termination of the supervised release? Yes. And why isn't that an independent reason under Dyer at all to deny this very interesting claim today? I am going to be completely forthcoming with the court that that is an issue I come back to every time I write the briefs and read it, and last night in the hotel when I'm preparing. But I think that's ultimately an issue that the district court needs to decide with evidence. Mr. Lockhart should be able to present evidence to the district court as to why it took six years. Well, but the district court reached it with regard to the vacant or of the conviction and said you waited too long to do this, so we know what the district court said. Wouldn't that also apply to the restitution? No, because that also had to do with the one-year time limit in the 2255, where the court of notice is more of a latches issue. Okay. But I... It seems like we can, we could affirm on those reasons that it's too late. It's just, it's on its face. It's not like, oh, well, it's two years and there was a lot going on during that time. It's just a bold six years is a long time, and you know it. And again, I don't want to pretend that that isn't a concern I have had with this case, but we really don't know the reasons. And I agree, six years is a long time. I haven't spent a lot of time regarding sort of when latches really hits for quorum notice, but I acknowledge that six years is a long time. But I think the appropriate thing to do would be to remand it and allow the district court, if that is a concern, and obviously it's a concern because we're talking about it and I've recognized it, that that is something that Mr. Lockhart should be able to present evidence on the district court as to why it took him so long, and if he can't, he loses. And I don't think we would have a basis to question the court's discretion unless Mr. Lockhart offered an extremely good reason and then the court decided against him. But until he has that opportunity, I don't think it's appropriate to cut the legs out from under him. I think beyond that, this is a very solid claim, and this would have been his only time to challenge the restitution given that he received ineffective assistance from counsel. And although it is not, kind of circle back, although it's not fully analogous, I do think the court's decisions in Castro and Esquibe are appropriate because you have the judicial recommendation against deportation, which normally could have been raised on direct appeal, but for the ineffective assistance of counsel could have been raised in a 2255. But because of the ineffective assistance of counsel, this court let those defendants or those petitioners in their quorum notice go forward because that was their only remedy. So just to be clear, assuming that we don't take these claims on direct appeal because we routinely say those should be done on habeas. Ineffective, right. Ineffectiveness. That's correct. Assuming that we normally do that. And this part of the cannot be done on habeas. Because there is not a custody component. If we were to say that quorum nobis is not available except as to the conviction, and then we would be cutting off stand-alone restitution claims. But this wasn't a stand-alone restitution claim anyway. No, it could have been, and that's really somewhat in an attempt to distinguish Campbell, but I don't think it could be a stand-alone restitution claim. You do or don't think? Well, if it was a stand-alone restitution claim, then it should have been raised on direct appeal. Yes. Right. So it could have been raised on direct appeal. It could have been raised on modification. You could do modification of restitution at any time. In fact, the government in the last case we had argued that it should have been modified. So it could have been argued then, but I'm trying to figure out whether or not this is not a stand-alone claim. So what is wrong with the rule that says that under quorum nobis, it's only attacking the conviction, but obviously the sentence would rise and fall, and so restitution would rise and fall. How is that not a proper understanding of our quorum nobis authority? And obviously, if I can get enough sleep last night. That the restitution rises and falls with conviction. That there's not a separate category of restitution alone under quorum nobis. That quorum nobis is about the conviction, not the restitution. Well, quorum nobis could be about various things, such as when they had the judicial – that doesn't exist anymore – the judicial recommendation against deportation. But the thing, those just like the restitution, the judicial recommendation against deportation could ordinarily have been raised on direct appeal, but wasn't. So I mean, the question is, is there going to be a remedy for these things when they were not raised on direct appeal because of ineffective assistance of counsel and because they don't go to the custody component? And maybe I'm answering the judge's question in a roundabout way. Don't go to the custody's component to allow it to be raised in a 2255. Does the explicit waiver have any role to play here? No, that's ridiculous. That argument, I mean, I don't say that.  The government's argument is absurd. It would say – Can you explain why you have such an impassionate view of this point? A, because there is an exception to the waiver regarding ineffective assistance of counsel, which is the gateway claim here. B, because this Court has held that restitution – you don't waive restitution above the allowed by the – If it's not allowed by law. Maximum. Correct. If it's above the maximum by statute. So different ways to skin that cat, but on both bases, the government's argument is absurd. Anything further? Just to touch on a couple of points, and Judge Gabbi didn't reach this, so again, I don't think we need to give him a chance to reach this, but the government claims that a two-plus-million-dollar restitution is not a civil disability. Supreme Court, in a different context, makes clear that denial of pension rights, which is Mr. Lockhart's NFL pension, has been garnished. Social Security has been garnished. Can't own property. Can't get credit. I think that certainly qualifies as an ongoing civil liability, and the government also makes sort of the additional argument that this doesn't constitute fundamental error, that his restitution is probably about $2 million higher than it should have been. But certainly, the idea that somebody should get constitutionally adequate representation is a fundamental right and constitutes fundamental error. So I did want, even though the district court didn't reach it, the district court basically relied on Campbell and Hatton to say that it didn't have jurisdiction, but I did want to touch on those points. But again, I think those things would be better addressed by Judge Gabbi in this court romance. Thank you. Thank you.  Mr. Myatt. May it please the court. Matthew Myatt on behalf of the United States. This court should affirm the district court's denial of Lockhart's quorum nobis petition because he cannot prove any abuse of discretion. Quorum nobis is an extraordinary remedy of last resort, where a defendant is required to prove a cognizable basis for relief, that he suffers a civil disability, has no available remedy, that he exercised his rights with reasonable diligence, and that relief is necessary to avoid a complete miscarriage of justice. Lockhart's petition fails in several of these respects, each of which are an independent basis for this court to affirm. I'll start with pointing out your honor's concern about his failures to provide a sound reason for his delay in seeking relief. Lockhart was convicted or pled guilty in 2012 and was released from custody in 2017. Over a decade after that conviction and six years after his release, he finally filed the present quorum nobis petition. And in that petition, he alleges, he challenges aspects of his sentence based on facts that he has known about or should have known about for years. Namely, his trial counsel's alleged ineffectiveness in the miscalculation in his restitution order. Lockhart should have immediately raised these claims on direct appeal or via 2255. And I want to be clear exactly about which claims can be raised in which avenue. Oh wait, stop right there. So I thought the ineffective assistance of counsel though was directly related to the failure to raise this claim on direct appeal. In other words, he couldn't have raised this particular claim for ineffective assistance on direct appeal because that's the lapse. So that is one of his ineffective assistance of claims? Yes, your honor. So that particular claim, his failure to file a notice of appeal claim, that should have been raised via 2255. But it related directly to the restitution order. And so for counsel's reasons, counsel opposite's reasoning, couldn't be raised in habeas. I don't think that's a correct interpretation of this court's case law in this context. So where 2255 is the appropriate forum for a defendant to argue that he was deprived of his right to counsel. And under this court's case law, this court, if Lockhart could prove that he asked his attorney to file and his attorney failed to do so, this court would have given him an out-of-time appeal where he could have been directly attacked. So I don't think it can be fairly- Directly attacked restitution, even though that did not relate to conditions, I mean, to confinement. Yes, your honor, on direct appeal. So I believe that that is a circumstance. So this court's cases have said that a complete deprivation of a right to appeal is per se prejudice under Supreme Court precedent. What case would you cite for this? So we didn't address that finer point, your honor, since it wasn't raised in his opening brief. And I'll be honest. So his opening brief is a little bit of a moving target as to his ineffective assistance of counsel claim. While he raises his appellate ineffective claim in his petition below, his opening brief relegates it to a footnote, and the rest of his brief focuses exclusively on his trial counsels. So you don't have a case that says he would have gotten an out-of-time appeal if he'd have raised it on habeas. Is that what you're saying? I'm not saying that. I'm saying that we didn't cite it in our brief, but a good case for that is an example would be, I think, this court's decision in Taft, citing the Supreme Court decision in— This is not something in your brief, and you're just bringing it up now? Your honor, I'm merely relying— Because you're answering the question. Yes, your honor. OK, it's Taft. Let me find the exact cite. It would allow them to do this, and the other side can have two business days to file a 28-J on that, if it's a new case. Your honor, but I think— You can provide it by 28-J, and then they can have two days following, OK? Certainly, your honor. Thank you. I would tend to agree with you if the ineffective assistance of counsel was regarding failure, utter failure to appeal the conviction itself. But what you're saying is that— I mean, in other words, you could go to habeas, ineffective assistance of counsel. Counsel wasn't effective. We're going to grant you an appeal, a direct appeal of the claims you would have raised,  And maybe restitution would have been wrapped into that, or maybe not. Specific to restitution, if he came in with a 2255 claim, ineffective assistance of counsel, this very claim that is proceeding here, we put 2255 on top of it and said an ineffective assistance of counsel, counsel should have raised this on direct appeal with regard to the restitution order only. Your contention is, yes, that's still cognizable in habeas. I think that the finer point I'll add, your honor, is I think he wouldn't be—in a direct appeal, he wouldn't be limited to raising a restitution error only, but say that the case— Well, I'm just positing the hypothetical because that's what's at issue right now. Certainly are. So the one caveat I would posit would be that if a restitution order relates to custody, for example, his decision to enter into his guilty plea, then that would be available via 2255. But I want to be very clear, your honor, so this court does not even need to reach this issues. So as your honor mentioned earlier, even if this court finds that there were unique circumstances here that justify the delay, Lockhart still could have filed his petition as early as 2017 when he was released from custody. His direct appeal in appellate effective assistance of counsel claim relates only to that delay and Lockhart provides no reason. He actually concedes here today that he, on the record at the district court level, again on appeal, he has no reason for why he waited six years. Do you have to show—do you have to at least argue that you're prejudiced under the Dyer case and you didn't argue prejudice here? So that's—they didn't give a reason why they were delayed and you didn't give a reason that you were prejudiced and so what do we do? Can we decide this six-year issue straight up here without a record from the district court where neither of you argued the point? I think so, yes, your honor. So this court's decision in Chico v. United States found that a two-year delay in seeking relief was enough and it didn't require the government to create prejudice. What do we do with Dyer that says you show a delay would prejudice the government? So Dyer kind of discusses the overlapping latches argument that is folded into quorum nobis. So it hasn't explicitly required the government to demonstrate prejudice in retrying and that case also dealt with his underlying conviction and it goes to the point of the scope of underlying relief here. So an additional basis for this court to affirm is to find that there was no fundamental error. So quorum nobis is generally reserved for errors that relate to the underlying conviction and invalidate that or undermine the guilt in some kind of way. Restitution is a non-custodial issue and this court has never vacated a sentence based on this and allowed for recent recalculation of restitution only. And this case prevents an incorrect vehicle for it to do so here today. An additional basis for this court... I'm just trying to figure out how could, if he had done this right away, what would have been the vehicle? So his restitution claim could have been raised on direct appeal and the government's position is that it could have, he could have then also filed his appellate ineffective assistance claim related to that issue on via 2255 if he was deprived of his right to appeal. And these were the avenues that he had and he failed to take advantage of them. He waited six years until he brought his quorum nobis petition. And that's because of the Taft case. It says if it's related to the right to appeal. It doesn't make that final point. It only says that this, when a defendant alleges that his right to seek an appeal is deprived, it's per se prejudice in this court without looking at the merits of the underlying case will allow an out of time appeal. So that would have given him an avenue to seek an out of time appeal in this case. So out of time appeal, not 2255 and not quorum nobis. It would have allowed him to directly attack the restitution order, which I think is his underlying issue with this case. And then I also want to. Are you familiar with the Sigler case? I am. Yes, Your Honor. Because they said that because that was about a fine, it wasn't 2255. That's correct. So your thing is that it's about an appeal and that's what makes it okay under 2255? Yes, Your Honor. So when. But what case says that? I keep coming back to that. The distinction you would make. I can't find that particular case, Your Honor, and I'm sorry, but we will find out. And it's not in your brief and it's just, you don't know. There is a case or you don't find it right now or you don't know if there is. I can say with confidence, Your Honor, that the district court entertains these types of claims all the time in 2255 where a defendant argues that he, his counsel failed to represent him on appeal. Well, but again, related to the conviction or some aspect of the sentence that relates to confinement and being held, not with regard to restitution only or a fine only. That's the case we're looking for, I think. Sure. And to the extent this court is inclined to not reach that issue, it doesn't have to. This isn't a good vehicle for that. One, because he fails to present any evidence. Well, I understand that, but we're grappling with sort of where does this fit? And I think the struggle for the court is that we've got a defendant that potentially has no remedy at all, but a catch-22 and seven-figure restitution order with co-defendants that got their restitution orders pared down significantly. So you see the sympathy of the case. We're trying to make sure we fit this in the right doctrinal box, so to speak. I understand, Your Honor. And so the sound reason was an independent basis for this court to affirm. But I think another reason is that restitution challenges generally are just a non-cognizable basis on collateral attack, as Your Honor mentioned, not only in the 2255 context, but also in the quorum novus context. So if I could point the court's attention to the United States versus Singh, in that case, the defendant sought quorum novus based on ineffective assistance of counsel claims that also challenged restitution. He argued that his trial counsel failed to investigate facts pertinent to restitution, that those failures prevented him from raising his arguments on appeal, and that he failed to object to restitution at sentencing. He even argued that because he could not bring those claims on 2255, that quorum novus was the appropriate remedy for that. But this court affirmed the district court's denial. And it applied the longstanding rule from Campbell and Hatton that collateral attacks on restitution orders are just simply impermissible. And there's good— But this—it also conflates—I think this is the defendant's argument—it conflates the claim here, which is for ineffective assistance of counsel, with the general rule Campbell and Hatton, et cetera, that the district court followed. Restitution can't be subject to quorum novus. But doesn't that conflate what's going on here with the general rule? I'm sorry. Could you—could you repeat the question, please? Well, the claim is not for quorum novus relief as to the restitution order. It's for ineffective assistance of counsel, which impacts the restitution order. Is there a distinction there worth a difference? I don't think that matters. Because the district court didn't treat it. The district court went straight to restitution, said no quorum novus, period, end. No jurisdiction. That's correct, Your Honor. So, it treated his two requests. And that's why I think there's a little bit also of a mismatch in request for relief here. So, on one hand, he attacks his conviction, which his ineffective assistance of counsel claim, even that doesn't undermine his conviction in any way. So, I think it's an inappropriate request. And then his restitution challenge is a separate question that I think falls outside the scope of quorum novus relief. And in any event, runs headlong into this court's precedent that it's routinely applied. And I think there's good justifications for that reason. So, first, sentencing is generally a direct appeal issue. Second, the MVRA governs federal restitution. And it sharply limits the district court's discretion here to modify a restitution order. And that is the statutory framework that provides the exclusive remedies for a defendant to ask for a correction, amendment, or an adjustment of that order. Third is res judicata principles also play a part, as this court stated in United States versus Parker. Once a restitution order becomes final on direct review, challenges to that order are barred by res judicata. And Lockhart also relies on Castro to ask for an exception here. But Castro is a different case. That case is a non-restitution case that dealt with now repealed aspects of a district court's sentencing discretion. And it only stands for the proposition that ineffective assistance claims generally are a valid basis for a quorum novus. It doesn't say anything about this context. And that is not disputed by the government here. What is disputed is that the restitution context under this court's precedent is just uniquely different. So what would the government like us to do today? What do you believe is the proper, other than saying you win, which is what you'd like to have happen, what would be the vehicle that the government believes is a straightforward vehicle to affirmance here? I think the easiest path to affirmance here is for this court to find that the district court provided no sound reasons for his six-year delay is enough. And it doesn't have to reach these other issues regarding civil disabilities, regarding whether this type of relief is cognizable in this context. And that would be the easiest path to affirmance. Although the government would argue that any basis that the government alleges in its brief would be sufficient to affirm here. Given the court's concerns about the apparent unfairness of this case, I want to briefly address the merits of first his trial counsel's errors and his appellate counsel's errors. So first his trial counsel's errors. His counsel did object to the loss amount at sentencing. And although today he makes a distinction between loss and restitution in his 2255 filing on docket five and nine, he specifically argues that his lawyer made restitution arguments. And so I don't think he can now switch his argument on appeal. But regardless, the district court, the same district judge heard these arguments from his co-conspirators and it rejected those. So there's no reasonable probability on remand or that going back that he would have actually been prejudiced if his counsel would have made these arguments. As to his other argument about people's choice, he made that argument before the district court in 2017 in his motion to modify the restitution order. The district court rejected that argument. There is no indication today that the district court would have done anything different here. And so his counsel was not ineffective for failing to raise a unmeritorious claim. And then I'll also add as to his appellate ineffective assistance of counsel claim. At his sentencing, the district court specifically told Lockhart, and I'm reading from the sentencing transcript record site 1282. If you don't have the means to hire an attorney to represent you on appeal, we will appoint an attorney to represent you at no cost to you. After hearing this, Lockhart spoke with his attorney who told him that he would not be doing appeals. Lockhart then filed a timely pro se notice of appeal and then did nothing to secure additional counsel. By neglecting to inform the court that he wanted court appointed counsel, he elected to proceed pro se. So he should not be able to fault his trial counsel years later for the first time for his own failure to prosecute. He also fails in his brief and his affidavits to specifically say that he asked for his attorney to file a notice of appeal. And that itself shows that his claim fails and we know that he did file a notice of appeal. So he's not in any way prejudiced or deprived of his opportunity to appeal. And so given this and given the fact that on appeal, it is his burden to rebut the presumption that the underlying proceedings were correct here in the extreme context that we're in in quorum nobis and that he fails to do so, he only states that he can easily win under Strickland. I don't think that these blanket assertions of ineffectiveness are sufficient for this court to find in his favor or even remand. The district, this court in Castro even in finding that ineffective assistance of counsel claims should be determined on remand found that there was a reasonable probability of success before doing so. Here, there's no reasonable probabilities of success. So even remand would be inappropriate. And given this, Your Honors, this is not the type of extreme case that warrants quorum nobis. Even if this was a cognizable basis, Lockhart's petition suffers several more fundamental defects. This court should affirm. Thank you. Just briefly with regard to Campbell and Hatton, I said it initially, those cases involve somebody in custody. That's why the court would not allow the quorum nobis to go forward. This obviously is not the case. With regard to preservation of error and ineffective assistance of counsel, the government says that the record supports that counsel did in fact challenge restitution and sentencing. As I said, that's not correct. So beyond the fact of notices, appeals, and stuff, the error wasn't preserved for appeal. And read the sentencing transcript. What the government says in its brief is wrong. And the other issue, too, with regard to ineffective assistance of counsel, first, this court, and it's not cited in our brief, but White v. Johnson, 180 F. 3rd, 648, says trial counsel has to assist his attorney, his client, in perfecting the appeal if he needs appointed counsel, arranging the procedure to get him appointed counsel. The other issue is that the notice of appearance that was submitted in this case at page 81 and 91 of the record says to the attorney, you're on this case, even up for appeal, until the court permits you to withdraw. When the court, when he filed the pro se notice of appeal, the court issues, this court issues a form letter regarding checklists and things like that. Who did it send it to? Mr. Lockhart's trial counsel, Jay Effington. So not only did he not preserve the issue so it could have been argued on appeal, but then he did nothing to assist in the appeal, didn't move to withdraw, didn't respond to this court's letter. I really can't imagine a clearer case of ineffective assistance of counsel. With regard to the colloquy, I think it was Judge Elrod and my colleague here, I think that the concept in delay is a laches concept. That does require some prejudice. And normally, I confess I'm not as hard on the government as I am in this case, because I really do think it's atrocious that they want somebody else's, three other, four other people's restitution be cut by almost 75%, yet they're still here fighting it and saying this guy should pay three or four times more than any other defendant in this case. I cited a case in my brief, I think it's the E-1 case of the Eastern District of New York, where the government did the right thing. They said restitution was screwed up in this case. Judge, you should correct this. And the Eastern District of New York judge did that. There's also another Eastern District of New York case, I forget the name of it, offhand that's cited in our brief, Canarsie, I believe, where this very issue, Coronovus and ineffective assistance and restitution. In that case, the government didn't do the right thing, even though Samuel was attorney's office. But the judge did correct the restitution on its own, finding it had jurisdiction. So on the reasonable diligence question, where our court said in Dyer that to seek Coronovus, you must exercise reasonable diligence. Are you saying that that's not enough, that there still has to be some particular showing of prejudice, or that the government has to allege and prove prejudice? I think under the concept, I mean, I think that sort of is under the rubric of latches. So A, I think we need to go back and give Mr. Lockhart an opportunity to show why there was a six-year delay. And again, it was a long delay. But yes, I think the government, under the theory that this reasonable diligence also encompasses the concept of latches, and the government has known for six years, more than six years, they didn't have a custody. Are you pointing us to a case that says that the government has to show prejudice from the delay, that some kind of justice delayed is not enough in and of itself? I do not have a case offhand. But if the court will allow me, I will try to find itself one. But I think that there are cases that sort of talk about this under the rubric of latches. And latches does require some prejudice. The court has no additional questions. Thank you for your time. Thank you. Thank you. We appreciate the arguments on both sides, and this case is submitted. Thank you.